**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 06-22380-CIV-HUCK/SIMONTON**

TERRA-ADI INTERNATIONAL
DADELAND, LLC, a Florida Limited
Liability Company, and TERRA-ADI
INTERNATIONAL DADELAND II,
LLC, a Florida Limited Liability Company

      Plaintiffs,

vs.

ZURICH AMERICAN INSURANCE
COMPANY, a New York Corporation,

      Defendant.

_____/

**ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I OF THE COMPLAINT**

      This matter is before the Court upon Plaintiffs Terra-ADI International Dadeland, LLC, and Terra-ADI International Dadeland II, LLC's Motion for Partial Summary Judgment as to Count I of the Complaint, filed January 31, 2007 (DE #57), and Defendant Zurich American Insurance Company's ("Zurich") Cross Motion for Partial Summary Judgment, filed February 14, 2007 (DE #69). The Court has considered the Motions and all documentary submissions related thereto, and is duly advised in the premises.

**BACKGROUND**

      Plaintiffs filed this action against their insurer, Zurich, to recover for damages caused by Hurricanes Katrina and Wilma in 2005. Those storms damaged and delayed the completion of Plaintiffs' real estate projects, Metropolis I and Metropolis II, which were under construction at the time in the Dadeland area of Miami-Dade County. The projects were covered by two separate but

-1-

substantially similar builder's risk insurance policies issued by Zurich.  The policies covered not only Plaintiffs' physical property damage, but also Plaintiffs' resulting economic losses on account of the delays in completion.  The extent of this delay in completion coverage is the subject of Plaintiffs' Motion and Zurich's Cross Motion for Partial Summary Judgment as to Count I of the Complaint.

Plaintiff argues that the Delay in Completion Endorsements provide a sublimit of coverage that is available for each "occurrence" of delay.  Because Plaintiffs' projects were delayed by two hurricanes, Plaintiffs argue that the sublimit on delay in completion coverage should be doubled for each project.  Zurich, on the other hand, argues that the delay in completion coverage afforded by each of the policies is subject to a single aggregate limit, regardless of the number of occurrences that take place during the policy period.[1]

## LEGAL STANDARD

The construction of an insurance policy is a question of law to be determined by the court. *Allstate Ins. Co. v. Swain*, 921 So.2d 717, 719 (Fla. 3d DCA 2006)(citing *Jones v. Utica Mut. Ins. Co.*, 463 So.2d 1153, 1157 (Fla. 1985); and *State Farm Fire & Cas. Co. v. Castillo*, 829 So.2d 242, 244 (Fla. 3d DCA 2002)).  If the language in an insurance policy is clear and unambiguous, it must be construed in accordance with the plain language of the policy as bargained for by the parties. *Auto-Owners Insurance Co. v. Anderson*, 756 So.2d 29, 33 (Fla. 2000)(quoting *Prudential Property & Cas. Ins. Co. v. Swindal*, 622 So.2d 467, 470 (Fla. 1993). If, however, the Court finds that more than

---

[1]The parties' respective arguments are somewhat ironic given the arguments they made in favor of their recently resolved Motions for Summary Judgement on Count II of the Complaint. There, arguing about how many deductible periods applied to Plaintiffs' delay in completion claims, Plaintiffs took the position that, even though there were two hurricanes, only one 60-day deductible period applied, while Defendant argued in favor of doubling the deductible period because there were two occurrences. The Court determined that the Deductible Period provisions at issue were ambiguous and, as such, were to be construed in Plaintiffs' favor.

one  interpretation of a policy provision is possible, it must resolve the ambiguity against the insurer who drafted the language of the insurance contract. *See Allstate Ins. Co. v. Swain*, 921 So.2d at 719 (citing *Travelers Ins. Co. v. Smith*, 328 So.2d 870 (Fla. 3d DCA 1976)).  Stated differently, where the language in a policy is subject to differing interpretations, it should be construed "liberally in favor of the insured and strictly against the insurer." *Flores v. Allstate Ins. Co.*, 819 So.2d 740, 744 (Fla. 2002).  Moreover, "policy provisions excluding or limiting the insurer's liability are construed more strictly than coverage provisions." *General Star Indem. Co. v. West Florida Village Inn, Inc.*, 874 So.2d 26, 30 (Fla. 2d DCA 2004)(citing *Purrelli v. State Farm Fire & Cas. Co.*, 698 So.2d 618, 620 (Fla. 2d DCA 1997). Importantly, when construing the relevant language in an insurance policy, a court should read the policy as a whole, in order to give every provision its full meaning and operative effect. *See Auto-Owners Ins. Co.*, 756 So.2d at 34.

## ANALYSIS

Plaintiffs argue that because the insurance policies at issue provide a sublimit on Zurich's liability for delay in completion on a per-occurrence basis, the sublimit on coverage for delay in completion is also available on a per-occurrence basis.  Plaintiffs rely on the following language in section 6(B) of the policy Declarations in support of their argument:

> [Zurich] shall not be liable for more than the following sublimit(s) of liability in any one OCCURRENCE . . .

> (2)    [$4,281,407 for Metropolis I and $2,500,000 for Metropolis II]. Delay in Completion (Refer to Endorsement #1 for further sublimits applicable); . . .

Because their projects were delayed on account of two separate hurricanes and because Zurich's liability "in any one OCCURRENCE" is limited to the fixed dollar amounts shown above, Plaintiffs argue that they are entitled to twice the stated sublimit on delay in completion coverage.

Zurich agrees that Hurricanes Katrina and Rita constituted two separate "OCCURRENCE[S]", but argues that the coverage afforded by the Delay in Completion Endorsements under the policies is capped by an aggregate limit – regardless of the number of occurrences. Indeed, after providing the sublimit of coverage for an occurrence of delay in completion, section 6 of the Declarations directs the reader to "[r]efer to Endorsement #1 for further sublimits applicable". The Delay in Coverage Endorsement provides, in bold print:

> **. . . the total sublimit of liability for which the company [Zurich] shall be liable under this endorsement in the aggregate shall not exceed [$4,281,407 for Metropolis I and $2,500,000 for Metropolis II].**

The foregoing language is neither ambiguous nor reasonably susceptible to more than one interpretation. The "total" sublimit of liability for which Zurich is responsible "in the aggregate" shall not exceed the amount stated for each project. This language in the Endorsement does not, as Plaintiffs suggest, conflict with the language of section 6(B) of the Declarations (quoted above). Plaintiffs' contrary assertion notwithstanding, section 6(B) of the Declarations does *not* stand for the proposition that the sublimits provided therein are *available per occurrence*. Instead, section 6(B) simply limits Zurich's exposure in any one occurrence. The fact that Zurich's exposure is limited on a per-occurrence basis, does not establish that every occurrence of the insured harm is covered without limitation. Lest there be any doubt as to what is meant by section 6(B) of the Declarations, that section specifically refers to the Endorsement, which leaves no room for doubt that the coverage is limited on an aggregate basis to a total of $4,281,407 for Metropolis I and $2,500,000 for Metropolis II. Accordingly, the Court grants Defendant's Cross Motion for Partial Summary Judgment as to Count I.

As for Plaintiffs' argument that, in the event the Court were to find that the delay in completion coverage is limited to an aggregate limit without regard to the number of occurrences, the individual sublimits in the Delay in Coverage Endorsement should be doubled up the maximum aggregate limit for each policy, Zurich agrees.  In its Response to Plaintiffs' Motion for Partial Summary Judgment as to Count I, Zurich concedes that Plaintiffs are entitled to "fresh sublimits" within the Delay in Completion coverage for each of the two storms.  As an example, Zurich notes that with respect to the Metropolis I project, Plaintiffs may recover up to $152,000 for realty taxes/ground rents incurred because of the delay in completion associated with Hurricane Katrina and may also recover up to $152,000 for realty taxes/ground rents incurred because of the delay in completion associated with Hurricane Wilma. Accordingly, Plaintiffs' Motion for Summary Judgment is granted insofar as it is based on the availability of "fresh sublimits" within the Delay in Completion coverage for each storm.

## CONCLUSION

For all the reasons set forth above, it is hereby

ORDERED that Plaintiffs Terra-ADI International Dadeland, LLC, and Terra-ADI International Dadeland II, LLC's Motion for Partial Summary Judgment as to Count I is GRANTED in part and DENIED in part. It is further

ORDERED that Defendant Zurich American Insurance Company's Cross Motion for Partial Summary Judgment as to Count I is GRANTED.

DONE and ORDERED in Chambers, Miami, Florida, this 7th day of March, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record